**Bialek v. March**

*Rubin Mogul*, for plaintiffs.

*C. Russell Corson*, for defendants.

HONEYMAN, J., February 1, 1962.—This is an action in assumpsit for the balance alleged to be due upon a promissory note, with a counterclaim for damage based upon alleged breaches of a contract for the sale of a business of which the said promissory note was a part. Plaintiff seeks to take the oral depositions of one Russell Miller, Esquire, who was the attorney for two of the defendants at the time of the transactions alleged in the pleadings. These defendants have filed a motion for a protective order under Pa. R. C. P. 4011 and 4012 (a), and it is this motion that the court has before it. The relief demanded by these defendants is that the court enter an appropriate protective order directing that the depositions of Russell Miller, Esquire, be not taken.

The reasons advanced for the requested protective order are that the discovery is sought in bad faith, and that it relates to matters which are privileged by reason of the fact that the proposed deponent was the attorney for these defendants at the times and in the transactions alleged in the pleadings. No responsive pleading was filed to the motion for a protective order, and therefore the allegation that Russell Miller, Esquire, and defendants enjoyed a privileged attorney-client relationship is deemed to be admitted. Furthermore, this fact was conceded by counsel for plaintiffs at oral argument before the court.

Counsel for plaintiffs has represented to the court that the questions he wishes to propound at the depositions will relate to matters which could not possibly be privileged. However, the court is convinced, because of the relationship that existed between the proposed deponent and these defendants, that the deponent as well as defendants will in the course of the depositions enter numerous objections necessitating rulings by this

court, or else will result in violations of the privilege that the law has made sacred.

Certainly plaintiffs should be permitted to pursue their discovery proceedings in aid of their cause, but in a manner other than by oral deposition of this attorney at law, who is represented to the court to have been the scrivener of the written agreement that apparently lies at the base of the litigation between these parties. The court believes that plaintiffs can fully and adequately accomplish their purposes by submitting written interrogatories to the witness. Under Pa. R. C. P. 4012, the court may enter a protective order limiting the inquiry to written interrogatories. We do not have to dispose of the allegation of bad faith made by defendants but unsupported by depositions, since the other ground advanced is sufficient to move the court to make the following

*Order*

And now, February 1, 1962, defendants' motion for a protective order is allowed and it is ordered and directed that plaintiffs may take the deposition of Russell Miller, Esquire, by written interrogatories only.